18-1117-cv
*Barton v. Unity Health Sys.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand nineteen.

PRESENT:　JOHN M. WALKER, JR.,
　　　　　　JOSÉ A. CABRANES,
　　　　　　PETER W. HALL,
　　　　　　　　　　*Circuit Judges.*

---

SHARONIA BARTON,

　　　　　　　　*Plaintiff-Appellant,*　　　　　　　　18-1117-cv

　　　　　　v.

UNITY HEALTH SYSTEM,

　　　　　　　　*Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**　　　　Ryan C. Woodworth, Rochester, NY.

**FOR DEFENDANTS-APPELLEES:**　　　Daniel J. Moore, Harris Beach PLLC, Pittsford, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 19, 2018 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Sharonia Barton ("Barton"), a former dental hygienist, appeals from a judgment of the District Court granting summary judgment in favor of her former employer, Defendant-Appellee Unity Health System ("Unity"), on Barton's federal and state race- and disability-based discrimination claims. *See Barton v. Unity Health Sys.*, No. 14-CV-6658-FPG-JWF, 2018 WL 1383229 (W.D.N.Y. Mar. 19, 2018).[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo. See Munoz-Gonzalez v. D.L.C. Limousine Serv., Inc.*, 904 F.3d 208, 212 (2d Cir. 2018). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient" to establish a genuine dispute, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986), and the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

*First*, we agree with the District Court that Barton has not established a *prima facie* case of race-based discrimination because she has not demonstrated that "she suffered an adverse employment action" under "circumstances [that] give rise to an inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015). In attempting to satisfy this requirement, Barton relies principally on evidence of allegedly discriminatory conduct by her supervisor at Unity. But the record contains no evidence suggesting that Barton's supervisor played any role in her termination[2]—much less the "meaningful" role required to impute the supervisor's alleged animus to the ultimate decisionmakers. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 450 (2d Cir. 1999) ("[T]he impermissible bias of a single individual at any stage of the promoting process

---

[1] The District Court also granted summary judgment in Unity's favor on Barton's hostile-work-environment and retaliation claims. *See Barton*, 2018 WL 1383229, at \*5–\*7. Barton does not challenge on appeal these aspects of the District Court's judgment and has therefore waived her ability to do so. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

[2] Barton does not contest the District Court's conclusion that her termination is the only "adverse action" alleged in the complaint, *see Barton*, 2018 WL 1383229, at \*4 n.10.

may taint the ultimate employment decision in violation of Title VII . . . . so long as the individual shown to have the impermissible bias played a meaningful role in the . . . process."). Thus, even assuming that Barton's race was a motivating factor for the supervisor's conduct, there is no basis on which we could conclude that Barton's race motivated Unity's decision to terminate her.[3]

*Second*, we conclude that Barton has failed to establish a *prima facie* case of disability-based discrimination because she has not demonstrated that there existed a reasonable accommodation that would have enabled her to perform the essential functions of her job. *See Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 71 (2d Cir. 2019) (requiring, for purposes of disparate treatment disability discrimination claim, that plaintiff show he or she was "otherwise qualified to perform the essential functions of [the] job, with or without reasonable accommodation"); *see also McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96–97 (2d Cir. 2009) (requiring, for purposes of disability discrimination claim arising from failure to accommodate, that plaintiffs identify a "reasonable accommodation" that would allow them to perform essential functions).

Barton does not contend that she was able to perform the essential functions of a dental hygienist without an accommodation. And she identifies only one accommodation that would have rendered her otherwise qualified: transfer to a dental hygienist position at one of Unity's other locations.

As an initial matter, Barton has not shown that "a suitable vacancy" of the sort she proposes "existed at the time [she] sought transfer." *Jackan v. N.Y. State Dep't of Labor*, 205 F.3d 562, 567 (2d Cir. 2000) (holding that plaintiffs "bear[ ] both the burden of production and the burden of persuasion" on this issue). Barton does not dispute that Unity did not have any vacant dental hygienist positions when her physician cleared her to return to work in February 2013. Instead, she contends that Unity should have transferred her to one of two vacancies that arose while she was out on medical leave between June 2012 and February 2013. We reject this argument. Because neither Barton nor her physician updated Unity on Barton's condition while she was on leave, Unity did not know whether or when Barton might be cleared to return, or the restrictions that might enable her to do so. Barton fails to explain why, in the circumstances, transferring her to a vacant position would have been "reasonable."

---

[3] We agree with Barton that the District Court improperly applied a "but-for" causation standard to Barton's claim of race-based discrimination. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 353 (2013) (concluding that claims of status-based discrimination are properly reviewed under a "motivating factor" standard). But "the error is of no consequence" because the record does not support an inference of causation even under the more permissive "motivating factor" standard. *See Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 227 (2d Cir. 2006) (affirming grant of summary judgment where record evidence would be insufficient to make out a claim even under less stringent standard).

That Barton might have broached the possibility of a transfer as early as May 2012 is of no consequence. The Americans with Disabilities Act "envisions an interactive process by which employers and employees work together to assess whether an employee's disability can be reasonably accommodated." *Id.* at 566 (internal quotation marks omitted). The evidence shows that Unity was prepared to engage in an interactive process when Barton went on indefinite medical leave in June 2012. After that point, however, Unity was unable to investigate Barton's concerns, learn more about her disability, or discuss with her various potential accommodations. In the circumstances, Barton's transfer request does not resemble the first step in an interactive process so much as an attempt to short-circuit whatever process Unity might ordinarily undertake.

Moreover, when Barton sought to return in February 2013, Unity reviewed its vacancies and offered Barton a dental secretary position at one of its other locations. Barton made clear that she was not interested in the position. Though dental secretaries and dental hygienists perform different tasks, the new role would have allowed Barton to remain with Unity, maintain her seniority, and apply for any dental hygienist vacancies that arose in the future. In the circumstances, it appears that Unity made a good-faith effort to accommodate Barton. The law requires no more.

We have reviewed all of the arguments raised by Barton on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 19, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4